```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

PATRICK E. YURCHAK, et al.         :
                                   :
    Plaintiffs,                    :
                                   :
    v.                             :
                                   :    CASE NO. 3:05-CV-0215(AWT)
ROBERT PRUNEAU, et al.             :
                                   :
    Defendants.                    :
                                   :

## RULING ON MOTIONS FOR PROTECTIVE ORDER

Pending before the court are motions for protective order (doc. #12, 16) from each of the parties regarding the proposed locations of their depositions.

A.   Plaintiffs' Motion for Protective Order

The plaintiffs, who reside in Pennsylvania, take the position that their depositions should either take place in Pennsylvania or be conducted via video-teleconference. They argue that they should not be forced to bear the significant travel expenses associated with traveling to Connecticut, including airfare, lodging and meals. In addition, the plaintiffs are both employed full-time and would miss work during that trip. They note, and the defendants do not dispute, that this diversity case was brought in this court because Connecticut is the only location where a court could exercise personal jurisdiction over the defendants.

As a general rule, a plaintiff is required to appear for deposition in the forum where the lawsuit was brought. See, e.g., Dubai Islamic Bank v. Citibank, No. 99Civ. 1930 (RMB), 2002 U.S. Dist. LEXIS 97994 at *40-41 (S.D.N.Y. 2002); Abdullah v. Sheridan

Square Press, Inc., 154 F.R.D. 591, 592-93 (S.D.N.Y. 1994). Courts in this circuit have recognized, however, that this general rule does not apply where the plaintiff did not have a genuine choice of forum. See, e.g., In re: Handy & Harman Refining Group, Inc., 295 B.R. 179, 183 (Conn. Bankr. 2003); Abdullah, 154 F.R.D. at 593. In such cases, the question is whether the plaintiff has shown good cause for a protective order "through analyzing the primary factors of cost, convenience and litigation efficiency." In re: Handy & Harman, 295 B.R. at 183.

The plaintiffs have presented a financial reason why traveling to Connecticut would be burdensome to them. The defendants have not countered the plaintiffs' argument of financial burden. The plaintiffs also note, and the defendants do not dispute, that defense counsel must in any event travel to Pennsylvania to take certain other depositions. The plaintiffs have also proposed a cost-effective alternative in the form of a video-teleconference deposition.

The court therefore grants the plaintiffs' motion. The defendants may either depose the plaintiffs in the Pittsburgh, Pennsylvania area or depose them via video-teleconference. Either way, the parties shall confer to determine a mutually agreeable time and location for the depositions.

B.   Defendants' Motion for Protective Order

The defendants have also moved for a protective order, because the plaintiffs noticed their depositions in Pennsylvania and they wish instead to be deposed in Connecticut. The

2

plaintiffs, in their opposition brief, offer to conduct the depositions by video-teleconference.  The defendants have not objected to that proposal.

The defendants' motion for protective order is therefore denied as moot, and the plaintiffs may depose the defendants via video-teleconference or, if plaintiffs prefer, in person in Connecticut.  The parties shall cooperate to determine a mutually agreeable time and location for the defendants' depositions.

C.   Conclusion

For the foregoing reasons, the plaintiffs' Motion for Protective Order (doc. #12) is granted and the defendants' Motion for Protective Order (doc. #16) is denied as moot.

SO ORDERED at Hartford, Connecticut this 26th day of January, 2007.


              _____/s/_____
              Donna F. Martinez
              United States Magistrate Judge